# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| RICHARD JOHN KOMINSKI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-277-PRC |
| | ) | |
| CITY OF PORTAGE, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Discovery [DE 30], filed by Plaintiff Richard John Kominski on June 7, 2016.

On November 23, 2015, Plaintiff served his First Request for Production to Defendants. It appears that Defendants responded on January 21, 2016. *See* (Ex. A).

However, in a May 10, 2016 letter from counsel for Plaintiff to counsel for Defendants, counsel for Plaintiff wrote, "I would like to use this letter to serve you with official notice that to date we have yet to receive any discovery for the above entitled case." (Ex. B).

The May 10, 2016 letter indicates that the parties had resolved a dispute about the time frame for discovery. The letter gave Defendants until May 20, 2016, to produce discovery.

Plaintiff then filed the instant motion. Thus, it is unclear whether Plaintiff received Defendants' response in Exhibit A before or after the May 10, 2016 letter. In the instant motion, Plaintiff argues generally that by Defendant's response in Exhibit A "Defendants have effectively failed to respond to the requested production due to evasive and incomplete responses which totally hinder the Plaintiff's chance of pursuing any case against Defendants." (Pl. Mot. 2).

Federal Rule of Civil Procedure 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Moreover, Northern District of Indiana local Rule 37-1 provides:

> (a)  Certification Required. A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
> > (1)  the date, time, and place of any conference or attempted conference; and
> > (2)  the names of the parties participating in the conference.
>
> (b)  Failure to File Certification. The court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se—if the required certification is not filed.

N.D. Ind. L.R. 37-1.

In the motion, Plaintiff represents that "Counsel for Plaintiff has made several attempts to reconcile this issue prior to the filing of this motion." (Pl. Mot. 2). In support, Plaintiff cites the May 10, 2016 letter. However, the letter does not indicate that the parties at any time had a meaningful conversation about the substance of Defendants' responses to Plaintiff's November 23, 2016 Requests for Production that are attached to the Motion as Exhibit A. There is no indication of the date, time, and place of any conference or attempted conference. Thus, Plaintiff has not demonstrated to the Court that Plaintiff conferred in good faith or attempted to confer in good faith with Defendants to attempt to resolve this dispute with the Court's involvement. On this basis, the Court denies the motion.

In addition, the motion itself provides no analysis of the deficiency of any specific response. Instead, Plaintiff makes only a broad assertion regarding the discovery response overall. Should

Plaintiff refile the Motion to Compel in compliance with Federal Rule of Civil Procedure 37 and

Northern District of Indiana Local Rule 37, the body of the motion itself must specifically identify

each discovery answer that is allegedly deficient and offer an argument as to each for why the Court

should compel a more complete response.

Accordingly, the Court hereby **DENIES** the Motion to Compel Discovery [DE 30].

SO ORDERED this 8th day of June, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT